UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEMOND JOHNSON,<br><br>                    Plaintiff,<br><br>-against-<br><br>NEW YORK STATE PAROLE DIVISION 15<br>2ND AVE BROOKLYN N.Y.,<br><br>                    Defendant. | 25-CV-3952 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that Defendant "Brooklyn Parole Division left me incarcerated for seven days," following his preliminary parole revocation hearing where he was found not guilty. (ECF 1, at 4.) For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this action against a Brooklyn office of the New York State Department of Corrections and Community Supervision ("DOCCS"), which serves Kings County.[1] The complaint appears to allege that the Brooklyn office conducted a preliminary parole revocation hearing, found him not guilty, but then allowed him to be detained on Rikers Island for an additional seven days. He seeks money damages to compensate him for the seven days spent in custody.

Venue for this action may not be proper in this district. First, venue does not appear to be proper under Section 1391(b)(1) because Plaintiff does not name a defendant who resides in this district. Although Plaintiff names a DOCCS division as a defendant, and DOCCS itself arguably "resides" in New York State's four federal districts – including the Southern District of New York – Plaintiff appears to bring this claim against a Brooklyn, Kings County, office.

Venue also does not appear to be proper in this district under Section 1391(b)(2) because the events giving rise to Plaintiff's claims occurred at the DOCCS' Brooklyn office. Even assuming that the revocation parole hearing occurred on Rikers Island, and venue would be proper in this district, *see* 28 U.S.C. § 112(b) ("The Southern District comprises . . . currently with the Eastern District, the waters within the Eastern District."), venue also would be proper in the Eastern District of New York, *see* 28 U.S.C. § 112(c) ("The Eastern District comprises . . . concurrently with the Southern District, the waters within the counties of Bronx and New York.").

---

[1] DOCCS' public website indicates that Defendant's address, 15 Second Avenue, Brooklyn, New York, corresponds with its "Brooklyn Area Offices," which serve Kings County. *See* DOCCS, Brooklyn Region, https://doccs.ny.gov/location/brooklyn-region (Perma Link: https://perma.cc/NNU7-RZ4V).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events concern Plaintiff's Kings County conviction and subsequent parole revocation proceedings. Thus, it is reasonable to expect that all relevant documents and witnesses would be located in Kings County. The Eastern District of New York therefore appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2025
            New York, New York

                                                        /s/ Laura Taylor Swain
                                                           LAURA TAYLOR SWAIN
                                          Chief United States District Judge